[Crim. No. 28137. Second Dist., Div. Two. June 19, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
LYNN ROBERT GODFREY, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Jeffrey M. Levy, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

BEACH, J.—

PROCEDURAL BACKGROUND:

Lynn Godfrey was charged by information with violation of Health and Safety Code section 11352, subdivision (a), and one prior felony conviction.[1] The People agreed not to prove the prior conviction,[2] and defendant pleaded guilty to violation of Health and Safety Code section 11352, subdivision (a).[3]

At the time for sentencing, the trial court on its own motion found defendant guilty of violation of Health and Safety Code section 11350. The People objected to the reduction of the charge. Defendant was put on five years' probation with conditions including that the first six months be spent in county jail. The People appealed from the "order . . . reducing defendant's conviction to a lesser included offense of possession of heroin in violation of Section 11350 of the Health and Safety Code." The People's appeal was filed purportedly pursuant to Penal Code section 1238, subdivision (a)(6), to which the People specifically referred in their brief on appeal. The defendant/respondent did not raise the issue of appealability but argued solely on the merits that the trial court had authority to find defendant guilty of a lesser offense than that to which he pleaded guilty. We heard the matter and rendered and filed our decision for publication. Thereafter the Supreme Court granted hearing thus vacating our decision. Subsequent to the granting of hearing the Supreme

[1]The amended information charged the prior conviction of Penal Code [sic] section 11530.5.

[2]Other than that promise, no other promises were made to defendant to induce him to enter the plea. There is some discussion in the People's brief as to whether or not a plea bargain was engaged in by defendant. However, in respondent's brief, defendant concedes that a plea bargain was indeed made.

[3]Defendant admitted giving or furnishing heroin.

Court rendered its decision in the case of *People* v. *Drake,* 19 Cal.3d 749 [139 Cal.Rptr. 720, 566 P.2d 622], and thereafter retransferred this matter to this court "for reconsideration in the light of *People* v. *Drake* (1977) 19 Cal.3d 749."

## CONTENTIONS ON APPEAL:

The People contend that the trial court exceeded its jurisdiction in reducing the offense. Respondent, however, claims that the trial court exercised sentencing discretion in compliance with the terms of the plea bargain. By way of supplemental briefs relative to reconsideration People further argue that the matter is appealable and in the alternative that if not appealable the matter is reviewable as a petition for "writ of [mandate] error."[4]

## DISCUSSION:

### 1. *Appealability.*

■ Unlike the posture of this matter when previously before us, the Supreme Court's direction to us upon the retransfer immediately presents the question of whether the instant matter is appealable by the People. Penal Code section 1238 lists the matters from which the People may appeal. The parts of the section with which we are concerned read as follows: "(a) An appeal may be taken by the people from any of the following: . . . (5) An order made after judgment, affecting the substantial rights of the people. (6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed." We can immediately dismiss as inapplicable here subdivision (a)(5). Although the order most assuredly affects the substantial rights of the People, the order was not made after judgment but before. There was no judgment rendered when the plea was first made. The trial court "found" the defendant guilty of the lesser offense prior to the imposition of any sentence or rendition of any judgment.

In *People* v. *Drake, supra,* 19 Cal.3d 749 (hereinafter *Drake*), after finding defendant guilty of robbery in the first degree the trial court upon denial of motion for new trial modified its earlier finding and found

---

[4]The People's argument seems to be aimed at supporting reviewability by mandate, but the People conclude and concede that mandamus is not available. As a result they label the vehicle for relief as "a writ of error" as an alternative to appeal.

defendant guilty of grand theft. Upon appeal by the People, *Drake* held that the People may not appeal a trial court order made under the authority of Penal Code section 1181, subdivision 6. The court in *Drake* discusses the issue of appealability by the People explaining that " '. . . except under certain limited circumstances the People shall have no right of appeal in criminal cases.' (*People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491, 497 . . . .)"

In *Drake* the trial court purported to act under the statutory authority of Penal Code section 1181, subdivision 6. The propriety of the court's act and whether it was constitutional were questions left unaddressed by the Supreme Court in *Drake* because it held that the order itself was not reviewable on appeal nor by petition for writ of mandate. But in contrast, at bench the act of the trial court is not authorized by nor is there any evidence in the record that the trial court purported to act under the authority of Penal Code section 1181, subdivision 6, or any other statute. For that matter the record fails to disclose any authority for the act of the trial court. Our independent research reveals no case, statutory, or constitutional authority for what the trial court did here. However, the factual and procedural differences between *Drake* and the present enigmatic matter afford no basis for appeal at bench. We cannot reach a different result than was reached in *People* v. *Drake,* with respect to the question of appealability by the People. As in *Drake* the ultimate effect of the trial court's action here was a reduction to a lesser offense. Here, similar to and in accordance with the position taken by the court in *Drake,* whether the lesser offense is or is not truly a lesser included offense need not be resolved. The issue of appealability does not depend in any way on that question or its answer. Rather we must interpret the statute, Penal Code section 1238, subdivision (a), strictly. "On its face the language of subsection (6) provides only for appeal from rulings which result in a reduction of the degree of the offense specified in the original verdict or finding, not from rulings which result in reductions to *lesser included* offenses." (Italics in original.) (*Drake, supra,* 19 Cal.3d at p. 754.) Similarly here the finding at bench is not a reduction of the degree of any offense. This language of *Drake* affords us no choice but to conclude that even after a plea any finding of a lesser crime, as made in this case, whether or not justified by the facts and whether or not erroneously reached, with or without common law, statutory, or constitutional authority is not reviewable on appeal under Penal Code section 1238, subdivision (a)(6). As the concurring opinion in *Drake* explains, "The trial court's action herein may perhaps be characterized as reducing 'the degree of the offense or the punishment imposed' within the meaning of

section 1238, subdivision (a)(6), of the Penal Code. Nonetheless, there is an unsatisfactory and imprecise meshing of the statutory language and procedural record before us. If a gap was unintentionally created by the Legislature in the pattern of criminal appeals, it is better filled by legislative attention than by judicial ingenuity." (*Drake, supra,* 19 Cal.3d at p. 759.)

The fact that the act of the trial court was without authority as we have expressed, and thus was an act in excess of the trial court's jurisdiction in itself cannot enlarge the right of appeal by the People. *Drake* directs a strict and limited reading of the statute allowing appeal.

The argument is made in the People's brief on the rehearing upon reconsideration that the trial court's order is possibly appealable under Penal Code section 1238, subdivision (a)(6), if not under subdivision (a)(5), as an order modifying the finding by reducing "the punishment imposed." *Drake* forecloses that argument also, because here as in *Drake*:

"The simple rebuttal to the contention is that when the court acted here sentence had not yet been pronounced and hence there was no existing 'punishment imposed' subject to reduction.

"Of course, in general the modification of a finding to a lesser included offense may have the effect of reducing the potential punishment, although that result does not necessarily follow. But the code refers to actual punishment imposed. To hold that any order which might have an effect on eventual punishment is appealable under subsection (6) would distort both the language and the structure of the statute. . . ." (*Drake, supra,* 19 Cal.3d at p. 756.)

*2. Reviewability by extraordinary writ.*

In the matter at bench the act of the trial court differs from that in *Drake* in one important respect. The order in *Drake* was made under the purported authority of Penal Code section 1181, subdivision 6. That statute authorized the court to act. Thus in *Drake* even if finding the defendant guilty of a lesser offense may not have been warranted under the facts, or the "lesser offense" truly may not have been a lesser included offense, the trial court was prima facie acting within its statutory authority and "jurisdiction." However, here the act at bench is clearly without any authority, statutory or otherwise, and appears completely in excess of the court's constitutional power.

The few statutes that authorize the court to find the defendant guilty of lesser crimes than charged do not authorize what was done here. By way of example, Penal Code section 1159 provides that: "The jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." That section, however, is found in title 7, ("Of Proceeding After the Commencement of the Trial and Before Judgment") and chapter 4 ("The Verdict or Finding") of the Penal Code. Read in proper context, it applies to a case where defendant's guilt is being considered as an issue, but not yet determined. Penal Code section 1159 applies to the trial; it does not apply where guilt has been admitted by a plea or to proceedings after conviction.

Neither is subdivision 6 of Penal Code section 1181 applicable upon a plea of guilty. That part of the statute provides that upon defendant's motion for new trial: ". . . if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial . . . ." This section presupposes the need to examine evidence upon which the defendant was convicted. The section can apply only to a conviction founded upon evidence presented and a decision by the trier of fact. It does not apply to a conviction by plea. ■ Since a guilty plea admits all the elements of an offense charged (*People* v. *Meals*, 49 Cal.App.3d 702, 706 [122 Cal.Rptr. 585]), the sufficiency of the evidence cannot be attacked or inquired into after a guilty plea.

The defendant at bench was convicted by reason of his plea made pursuant to a plea bargain. The trial court disregarded that plea and contrary to the plea bargain replaced the guilty plea and resulting conviction with a completely different finding to which the People did not agree and which the defendant did not request. Although respondent contends that the reduction in the offense was within the terms of the plea bargain, nothing in the record supports that assertion. While the terms of the plea bargain did leave sentencing entirely to the judge, the plea was to a certain offense. It was defendant's pleading guilty to that particular offense that prompted the People not to prosecute the prior conviction. The decision not to prosecute the prior decreased defendant's minimum sentence by five years. This was certainly adequate consideration for the plea bargain. There is nothing in the record that demonstrates in the

slightest that either the prosecution, the defense, or the court had agreed as part of the bargain that the offense would be reduced or that the defendant expected such reduction. Such an argument is patently ridiculous. If truly there was to be a lesser charge, the People would have agreed to accept and the defendant would have entered a plea to the lesser offense. Here there was no such bargain and no such plea. ■ While the court, if it does not think the bargain is fair, need not approve a bargain reached between the prosecution and the defendant, it cannot change that bargain or agreement without the consent of both parties. (*People* v. *Orin,* 13 Cal.3d 937, 949 [120 Cal.Rptr. 65, 533 P.2d 193]; *People* v. *Beasley,* 5 Cal.App.3d 617, 636 [85 Cal.Rptr. 501]; compare, *People* v. *Kaanehe,* 19 Cal.3d 1 [136 Cal.Rptr. 409, 559 P.2d 1028].)[5] Such an act of interferring with the plea bargain at bench is clearly in excess of jurisdiction and should be reviewable.

The foregoing illustrates that the case at bench presents not only a matter of procedural difference but one which contains the collision of two opposing public policies. One policy is that the resort to appeal may be and is properly limited by statute; the other policy is the need of providing a means of review for judicial excesses beyond constitutional or jurisdictional limitations resulting in unfairness to defendant or People. In *Drake* the People requested that if appeal was unavailable that their petition be considered one for petition for writ of mandate. The court declared the request tardy. The court continues, however, with the following language: "Moreover, even if we believed the trial court's actions to be erroneous and were to consider the People's request for extraordinary relief, the request would have to be denied. The statutory restriction of the People's right to appeal in criminal cases 'is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on review of trial court determinations in criminal trials.' (*People* v. *Superior Court (Howard)* . . . 69 Cal.2d 491, 498 [72 Cal.Rptr. 330, 446 P.2d 138]; see also *People* v. *Superior Court (Levy)* . . . 18 Cal.3d 248, 251 . . . .) This

---

[5]*People* v. *Kaanehe, supra,* 19 Cal.3d 1, did not involve the interference of a court with the plea bargain but involved the breach of a plea bargain by one of the parties. The result was the same as in the case at bench. *Kaanehe* involved the obverse situation where defendant appealed claiming the People breached the plea bargain. The court explained that in such cases the prohibition against appeal except in certain specified situations set forth in Penal Code section 1237.5 is inapplicable and that errors committed in proceedings subsequent to the plea for the purposes of determining the penalty to be imposed were issues cognizable on appeal. Thus *Kaanehe* recognizes an exception to permit not merely some form of review but appeal itself where the statute sections 1237 and 1237.5 do not provide for appeal. (*People* v. *Kaanehe, supra,* 19 Cal.3d at p. 8, and citation therein. See also, 2d par., rule 31(d), Cal. Rules of Court.)

consideration carries particular force when the People seek review of an order which on its face is a timely exercise of a well-established statutory power of trial courts, but one from which no appeal is provided in section 1238. To allow the use of mandamus in this case would 'give the People the very appeal which the Legislature has denied to them.' (*Howard, supra,* at p. 499; . . . .)" (*Drake, supra,* 19 Cal.3d at pp. 758-759.)

As an intermediate court of review, we are required to follow the law as clearly established and held by the Supreme Court. (*Auto Equity Sales, Inc. v. Superior Court,* 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) We should also adhere to any guiding principles which may be applicable to the matter at bench. However, unlike *Drake* in the matter at bench there was and is no statutory power or authority, "well-established," "timely exercised," or otherwise authorizing or warranting or in any way justifying the decision and act of the trial court. The clearly discernable inapplicability of the last sentence of the statement just quoted from *Drake* indicates that that consideration does not carry the "particular force" into the case at bench. The right of the People to prosecute the case includes the right to enter a plea bargain and in consideration thereof to elect not to prosecute a defendant on a particular and more serious charge. Destruction by the trial court of only one part of that bargain leaving the People obligated but improving the defendant's bargain is totally in excess of any authority or jurisdiction of the trial court. This is a strong contrast from *Drake.* Such conduct should be reviewable by way of petition for writ of mandate. There are fundamental differences between *Drake* and the present case relating to the basis of exercise of authority. *Drake* involved a prima facie exercise of statutory authority under Penal Code section 1181, subdivision 6. The case at bench involves an order or decision based upon a misconception of authority, or based upon some idea whose genesis is totally undeterminable. We deem these differences of sufficient significance as to afford a just and sound basis for the right of review by petition for writ of mandate.

In the brief discussion and treatment of reviewability by petition for writ of mandate, *Drake* relied on and cited the language of *People v. Superior Court (Howard),* 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138], and concluded that such review was not available under the particular facts there. *Howard,* however, discusses the possible availability of the writ of mandate in some cases involving acts in excess of the courts' jurisdiction. *Howard* further explains that the term jurisdiction has had varied interpretations and reviews two lines of cases, both dealing with acts of trial courts creating questions of excess of jurisdiction. The

*Howard* case does not hold that in all cases of jurisdictional excesses, such acts are not reviewable by the People because the listed limitations applicable to appeals foreclose all other review. To the contrary *Howard* expresses the proposition that there well may be cases in which the issue may be of such importance as to be reviewable by way of petition for writ of mandate. (*Howard, supra,* 69 Cal.2d at p. 501.)

█ We therefore conclude that under the particular circumstances and facts of the matter at bench, as distinguished from those in *Drake,* the relief or right to the petition for writ of mandate is not unavailable.

Unfortunately, our determination as to the availability of review by mandamus does not end our particular problem. We must determine whether the request for review by mandamus is timely. Initially, the People made no request for review by or through mandamus, but filed an appeal only. Even after the retransfer to this court by the Supreme Court there was no filing of a petition for writ of mandamus or relief by way of any other writ. Only in the "Supplemental Brief Relative to Reconsideration" is the point discussed and even there the request is only obliquely made. In this respect the request is the same as the request in *People* v. *Drake.* The People concede that there is no difference at bench, and that the holding of *Drake* applies. The court there ruled that the petition for the writ must be filed within the same 60-day period of time as that in which a comparable notice of appeal would have been filed. Accordingly, we cannot grant any relief to appellant by considering the appeal as alternatively a petition for writ of mandate.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.