Filed 1/22/14  P. v. Turner CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VERNON LEE TURNER, JR.,<br><br>Defendant and Appellant. | F065239<br><br>(Super. Ct. Nos. 10CM3957 & 11CM3471)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County. Robert S. Burns, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Leanne LeMon, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Defendant Vernon Lee Turner, Jr., contends that, as a result of the Criminal Justice Realignment Act of 2011, the trial court erred in requiring he serve three years four months in state prison. More particularly, defendant contends his underlying offense allows for its 16-month term to be served in local custody, and although he admitted an enhancement pursuant to Penal Code[1] former section 12022.1 requiring a two-year term in state prison, the underlying felony determines the location where the sentence is to be served. He also contends his position is supported by the Legislature's subsequent amendment of former section 12022.1, omitting the requirement the two-year term be served expressly in state prison. We will affirm.

## PROCEDURAL BACKGROUND[2]

### Case No. 10CM3957

In case No. 10CM3957, the Kings County District Attorney filed a complaint alleging the following crimes: count 1—unlawful transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)); count 2—possession of methamphetamine for sale (*id*., § 11378); count 3—unlawful possession of methamphetamine (*id*., § 11377, subd. (a)); count 4—unlawful transportation of marijuana (*id*., § 11360, subd. (a)); count 5—possession of marijuana for sale (*id*., § 11359); and count 6—unlawful use and being under the influence of a controlled substance (*id*., § 11550). Pursuant to section 667.5, subdivision (b), it was further alleged as to counts 1 through 4 that defendant had served prior prison terms for burglary (§ 459) in 1996, unlawful possession of a controlled substance (Health & Saf. Code, § 11377) in 1998, and possession of a concealed dirk or dagger (former § 12020, subd. (a)(4)) in 2007.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]Because the facts of defendant's crimes are not pertinent to the issues on appeal, we forgo a recitation of those facts.

On May 12. 2011, defendant pled no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 2). The remaining counts and allegations were to be dismissed at the time of sentencing.

*Case No. 11CM3471*

In an information filed March 1, 2012, it was alleged defendant had committed the following: counts 1 and 2—assault with a deadly weapon (§ 245, subd. (a)(1)); count 3—unlawful possession of a controlled substance, to wit: Oxycodone (Health & Saf. Code, § 11350, subd. (a)); and count 4—unlawful possession of not more than 28.5 grams of marijuana (*id*., § 11357, subd. (b)). Further, as to counts 1 through 3 it was alleged defendant had been released from custody on bail or his own recognizance (OR) at the time of the commission of the offenses within the meaning of former section 12022.1, and that defendant had served a prior prison term within the meaning of section 667.5, subdivision (b) in 2007 for possession of a concealed dirk or dagger (former § 12020, subd. (a)(4)). On March 2, 2012, defendant pled not guilty and denied all allegations.

*The Subsequent Proceedings*

On May 31, 2012, in case No. 11CM3471, defendant and the People entered a stipulated plea agreement. Defendant pled guilty to count 3, unlawful possession of Oxycodone (Health & Saf. Code, § 11350), and admitted the on-bail enhancement allegation (former § 12022.1). The parties stipulated to the lower term of 16 months in prison on count 3, plus an enhancement of two years for the section 12022.1 violation. All remaining counts and allegations were dismissed.

During the proceedings of May 31, 2012, the following exchange occurred:

"[THE COURT:] We're here on several cases, and it's my understanding that the parties have reached an agreement as to both a plea and sentencing.

"And correct me if I'm wrong, but as I understand it, in case number 11CM3471, [defendant] is going to be pleading to Count 3, the felony violation of Health and Safety Code Section 11350 subdivision (a) for possession of Oxycodone, and that he will admit that that will violate—or

3.

that that also constitutes a violation of Penal Code Section 12022.1 as he was released on bail in case 10CM3957, and that the remaining counts and charges on that case and allegations would be dismissed.

"And that case 10CM2384—or excuse me, 11CM2384 would be dismissed in its entirety.

"And that case number 11CM2172 would be dismissed in its entirety.

"And that case 10CM3957, on that case the defendant will be placed on probation for a period of three years with standard drug terms and conditions. It would not be a Prop 36 because of the underlying charge, as well as on 11CM3471, the agreement was to the low term in state prison of 16 months plus the two years on the out-on-bail enhancement. So it would be probation on one case while serving a prison term on the other. [¶] Did I state that correctly, Mr. [prosecutor]?

"[PROSECUTOR]: Yes.

"THE COURT: Mr. [defense counsel]?

"[DEFENSE COUNSEL]: Yes, sir.

"THE COURT: All right, was that your understanding of the agreement, Mr. [defendant]?

"THE DEFENDANT: Yes.

"THE COURT: And you want to take advantage of that plea agreement and enter a guilty plea today?

"THE DEFENDANT: Yes.

"THE COURT: All right. Before you can do that I have to go over certain rights and consequences from entering those pleas.

"First, you understand that a violation of Health and Safety Code Section 11350 is punishable by a low term of 16 months, a middle term of two years, and an aggravated term of three years? And that the out-on-bail enhancement under Penal Code Section 12022.1 adds a two year enhancement to that. The parties have stipulated or agreed to the term of a low term plus the two which I'm inclined to follow."

4.

After further advising defendant of his rights and the consequences of his plea, the court accepted defendant's plea and stated, in significant part: "All right, … you have a right to be sentenced in 20 court days and have a full-blown sentencing report prepared for that hearing. Do you want to waive that right since it's a stipulated sentence and be sentenced immediately?" Defendant responded affirmatively.

That same date, the trial court sentenced defendant in both matters. As to case No. 10CM3957, defendant was to serve 128 days in custody, with credit for 128 days, and three years' formal probation. As to case No. 11CM3471, probation was denied and defendant was to serve the lower term of 16 months on count 3 and a consecutive two-year term for the on-bail enhancement. Various fines and fees were imposed and defendant received credit for a total of 441 days. He was remanded to the custody of the Department of Corrections and Rehabilitation.

Defendant subsequently filed a notice of appeal. He filed a request for certificate of probable cause on June 15, 2012, and the court denied the request on July 3, 2012.

## DISCUSSION

### The Applicable Statutes

As a result of the Criminal Justice Realignment Act of 2011 (Realignment Act), numerous offenses previously punishable by 16 months, two years, or three years in state prison are now punishable by serving that same term in local custody at the county jail. (Stats. 2011, ch. 15, §§ 2–633; Legis. Counsel's Dig., Assem. Bill No. 109 (2011–2012 Reg. Sess.) Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, §§ 4–11; Legis. Counsel's Dig., Assem. Bill No. 17 (2011–2012 1st Ex. Sess.); see § 1170, subd. (h).) The legislation altered the housing arrangements for individuals convicted of certain felonies. It "shifted responsibility for housing and supervising certain felons from the state to the individual counties." (*People v. Cruz* (2012) 207 Cal.App.4th 664, 671.) It also provided the new sentencing provisions are to be applied prospectively to persons sentenced on or after October 1, 2011. (§ 1170, subd. (h)(6); Stats. 2011, 1st Ex. Sess. 2011, ch. 12, § 12.)

Section 1170, subdivision (h) provides, in relevant part:

"(1) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years.

"(2) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense.

"(3) Notwithstanding paragraphs (1) and (2), where the defendant (A) has a prior or current felony conviction for a serious felony described in subdivision (c) of Section 1192.7 or a prior or current conviction for a violent felony described in subdivision (c) of Section 667.5, (B) has a prior felony conviction in another jurisdiction for an offense that has all the elements of a serious felony described in subdivision (c) of Section 1192.7 or a violent felony described in subdivision (c) of Section 667.5, (C) is required to register as a sex offender pursuant to Chapter 5.5 (commencing with Section 290) of Title 9 of Part 1, or (D) is convicted of a crime and as part of the sentence an enhancement pursuant to Section 186.11 is imposed, an executed sentence for a felony punishable pursuant to this subdivision shall be served in state prison."

Health and Safety Code section 11350, subdivision (a) provides, in relevant part:

"Except as otherwise provided in this division, every person who possesses … any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician … licensed to practice in this state, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 …."

Former section 12022.1, subdivision (b), effective from January 1, 2012, to June 26, 2012, including the date upon which sentence was pronounced here, provided as follows:

"Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional *two years in state prison* which shall be served consecutive to any other term imposed by the court." (Italics added.)

*The Trial Court's Imposition of Sentences*

On May 31, 2012, after defendant entered a plea of not guilty to count 3 and admitted the on-bail enhancement allegation (in case No. 11CM3471), the trial court imposed its sentences with regard to both cases then pending against defendant. It granted probation in case 10CM3957. As to 11CM3471 the court stated:

> "[THE COURT:] In CM3471, the Court's going to deny probation based upon the stipulation of the parties. I'm going to order that you do the lower term of 16 months, on Count 3, that there will be a term of two years under … Section 12022.1 consecutive to that 16 months, and that on that you will be given credit for time served …. [¶] … [¶]

> "All right, with that … you will be remanded to the custody of the California Department of Corrections …."

At the time of the plea and sentencing, the parties agreed former section 12022.1 required a commitment to state prison. In fact, they stipulated to a prison commitment. Defendant never asserted the underlying offense (Health & Saf. Code, § 11350, subd. (a)) permitted defendant to serve the entire sentence in the county jail.

*Our Analysis*

On appeal, defendant contends Health and Safety Code section 11350 requires a convicted defendant to serve the term imposed in a county jail facility. He argues the trial court should have sentenced him to serve his 16-month term in the Kings County jail. Furthermore, defendant asserts the underlying offense dictates the location or place a sentence is to be served, and hence, the two-year, consecutive term imposed for the on-bail enhancement must also be served in local custody. Because defendant has received the benefit of his bargain, we reject his contentions.

> "When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. The punishment may not significantly exceed that which the parties agreed upon." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024, overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)

When a plea rests in any significant degree on a prosecutor's promise or agreement, so that it is part of the inducement or consideration, the promise must be fulfilled. (*Santobello v. New York* (1971) 404 U.S. 257, 262; *People v. Walker*, *supra*, at p. 1024.) The requirements of due process attach to the plea bargain itself. (*Walker*, at p. 1024.) A negotiated plea agreement is in the nature of a contract and is interpreted according to general contract principles. The trial court's approval of the agreement binds the court to the terms of the bargain, and the defendant's sentence must be within the negotiated terms of the agreement. (*People v. Martin* (2010) 51 Cal.4th 75, 79.)

As explained in *People v. Segura* (2008) 44 Cal.4th 921, 931:

"For its part, of course, the trial court may decide not to approve the terms of a plea agreement negotiated by the parties. (See [*People v.*] *Orin* [(1975)] 13 Cal.3d [937,] 942-943.) If the court does not believe the agreed-upon disposition is fair, the court 'need not approve a bargain reached between the prosecution and the defendant, [but] it cannot change that bargain or agreement without the consent of both parties.' (*People v. Godfrey* (1978) 81 Cal.App.3d 896, 903; cf. *People v. Superior Court (Gifford)* (1997) 53 Cal.App.4th 1333, 1338-1339 (*Gifford*) [by statute the trial court may withdraw its approval prior to sentencing, permitting withdrawal of the negotiated plea].)

"Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly. [Citation.] Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree." [Citation.]' (*People v. Ames* (1989) 213 Cal.App.3d 1214, 1217 (*Ames*); see *People v. Tang* (1997) 54 Cal.App.4th 669, 681-682; *Gifford*, *supra*, 53 Cal.App.4th at pp. 1337-1338; *People v. Armendariz* [(1993)] 16 Cal.App.4th 906, 910-911; *People v. Godfrey*, *supra*, 81 Cal.App.3d at p. 904.)"

8.

Plaintiff here opposes defendant's appellate contentions and thereby does not agree to alteration of the plea bargain to allow defendant to serve his sentence in county jail.

In support of our conclusion, we note and consider the applicability of an October 22, 2013, decision of Division Eight of the Second District Court of Appeal to this case.

In *People v. Wilson* (2013) 220 Cal.App.4th 962, the defendant entered a plea of no contest to commercial burglary; in exchange for his plea, a misdemeanor petty theft charge would be dismissed and the court would impose and suspend execution of a two-year prison sentence, and impose three years' probation. Probation was subsequently revoked following an assault charge, but the court ultimately reinstated probation. (*Id.* at p. 965.) About a year later, the district attorney moved to revoke the defendant's probation in light of new charges. The defendant admitted the violation and pled no contest to two new misdemeanor counts. The court then executed the previously imposed two-year state prison term, as well as an additional 180-day concurrent term for the new misdemeanor counts. Although the prosecutor and defense counsel believed the defendant's sentence could be served in county jail, the trial court held otherwise and imposed the state prison sentence, finding the defendant ineligible "'due to the nature of the charges and/or his prior criminal history.'" (*Id.* at pp. 965-966.)

On appeal, the defendant argued the trial court improperly sentenced him to state prison because when it revoked his probation and executed his suspended sentence in August 2012, he was subject to the Realignment Act and should have been sent to county jail. (*People v. Wilson*, *supra*, 220 Cal.App.4th at p. 966.) That court elected to address the Attorney General's alternative argument that applying the Realignment Act to send defendant to county jail would impermissibly alter a material term of the parties' plea agreement. (*Id.* at p. 965.) The court agreed, holding that sending Wilson "to county jail under the Realignment Act would alter a material term in the parties' plea agreement that

9.

he serve his executed sentence in state prison." (*Wilson*, at p. 973.) In so holding, the court reasoned, in part:

> "The prosecutor may not have agreed to probation at all for appellant's most recent offenses if the only sentence hanging over appellant's head was a term in county jail without parole, part of which could be suspended in favor of mandatory supervision. [Citation.] Indeed, the probation report recommended probation be denied and appellant be sentenced to state prison because appellant had a significant criminal history and he was on several grants of probation at the time he committed the offenses that led to the plea agreement. Given appellant's background and the fact that the Realignment Act was to become operative shortly, the suspended state prison sentence may have assured the prosecutor that appellant would comply with the terms of his probation, while a county jail sentence may not have. By the same token, if the prosecutor was unwilling to agree to probation if the suspended sentence would have been served in county jail, appellant may have been deprived of the benefit of probation, i.e., the opportunity to avoid actual custody. … Applying the Realignment Act to appellant's sentence now would therefore deprive the parties of an expressly agreed-upon benefit of their bargain. (See [*People v.*] *Wilcox* [(2013)] 217 Cal.App.4th [618,] 624 [Applying the Realignment Act in this circumstance 'would also alter the terms of the plea agreement where the suspended term was part of a stipulated sentence under the plea agreement.'].)" (*People v. Wilson*, *supra*, 220 Cal.App.4th at p. 972, fn. omitted.)

In this case, when defendant pled no contest to unlawful possession of Oxycodone and admitted the on-bail enhancement in May 2012, after the operative date of the Realignment Act, he also agreed to serve a term of 16 months in state prison on the underlying term and an additional two years in state prison for the on-bail enhancement. Thus, following the reasoning of *Wilson*, to permit defendant to be sentenced in accordance with the Realignment Act and to serve his entire term in local custody would materially alter the terms of the parties' bargain.

We note defendant does not seek to withdraw his plea to allow for a restructuring of a plea agreement with sentencing in county jail. Instead he wants both the benefit of his plea agreement and a favorable change of custodial placement based on his new assessment on appeal that county jail was the only lawful placement. This was not his

legal position in the trial court, and he now faults the trial judge for an alleged sentencing error defendant expressly invited. The doctrines of estoppel and waiver preclude acceptance of defendant's new stance on appeal.

Generally, where a party by its conduct induces the commission of error, the party is estopped from asserting it as a ground for reversal. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 389, p. 447.) The waiver may be express where, for example, it results from a stipulation by the parties. (*Id.*, § 395, at p. 453.) "Under the doctrine of waiver, a party loses the right to appeal an issue caused by affirmative conduct or by failing to take the proper steps at trial to avoid or correct the error. [Citation.] Similarly, under the doctrine of invited error, a party is estopped from asserting prejudicial error where his own conduct caused or induced the commission of the wrong. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403, citing 9 Witkin, Cal. Procedure (1999 supp.) Appeal, § 383, p. 62.)" (*Telles Transport, Inc. v. Workers' Comp. Appeals Bd.* (2001) 92 Cal.App.4th 1159, 1167.) "Succinctly put, the invited error doctrine prevents a party to a legal action from profiting where he causes or invites the error." (*People v. Davenport* (1966) 240 Cal.App.2d 341, 346.)

Here, whether we apply waiver or estoppel principles, the result is the same. Defendant has received the benefit of his bargain, and the trial court's acceptance of the plea deal is binding on the parties and the court. By stipulating to serving his sentence in state prison as part of the plea bargain, defendant may not be heard to complain on appeal that the court should have sentenced him under the Realignment Act.

Although defendant has not argued he received an "unauthorized sentence," this argument would also fail. At the time of sentencing, former section 12022.1 provided for a state prison term. The plain meaning of the language of this enhancement called for a prison commitment, not county jail. At best for defendant, at the time of his plea agreement it was an unsettled question of law whether the Realignment Act would apply. Because defendant failed to preserve the sentencing issue for appeal, we decline to

resolve it.  We note, however, in similar circumstances we have resolved the issue against defendant's position.  (See *People v. Torres* (2013) 213 Cal.App.4th 1151, 1160-1161; *People v. Vega* (Jan. 2014, F065909) __ Cal.App.4th ___.)

## DISPOSITION

The judgment is affirmed.

_____
                                           PEÑA, J.

WE CONCUR:


_____
GOMES, Acting P.J.


_____
OAKLEY, J.[*]

---

[*]Judge of the Madera Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.