Filed 10/26/20  P. v. Zia CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH ZIA,<br><br>    Defendant and Appellant. | B302270<br><br>(Los Angeles County<br>Super. Ct. No. MA054837) |

APPEAL from an order of the Superior Court of Los Angeles County.  Daviann L. Mitchell, Judge.  Reversed and remanded with directions.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Joseph Zia appeals a resentencing order pursuant to an order to show cause (OSC) returnable in superior court.

## PROCEDURAL BACKGROUND

On April 29, 2014, appellant entered a negotiated no contest plea to one count of attempted murder (count 1, Pen. Code,[1] §§ 664/187, subd. (a)) and one count of assault with a firearm (count 6, § 245, subd. (a)(2)) in exchange for the dismissal of four counts of attempted murder and the premeditation and deliberation allegation as to count 1.  Appellant admitted a prior strike conviction (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), a firearm use allegation (§ 12022.53, subd. (b)) in connection with count 1, and a great bodily injury (GBI) allegation (§ 12022.7, subd. (a)) in connection with count 6.

In accordance with the plea agreement, Judge Lisa Chung sentenced appellant to a term of 33 years in state prison.  The sentence consisted of the high term of nine years, doubled to 18 years, plus a consecutive 10-year term for the firearm use enhancement on count 1; and one year (one-third the midterm), doubled to two years, plus a consecutive three-year term for the GBI enhancement on count 6.  Appellant did not appeal the judgment.

Sometime in the fall of 2016, appellant submitted a letter to the trial court in which he alleged the two enhancements had been "erroneously attached to the wrong acts and crimes."  He did not, however, file a petition for writ of habeas corpus challenging his sentence.  Nevertheless, on November 7, 2016, the trial court filed a written order in which Judge Chung found the sentence on count 6 to be unauthorized because the term for the GBI

---

[1] Undesignated statutory references are to the Penal Code.

2

enhancement should have been one-third the midterm—one year, rather than three years as imposed at sentencing.[2] To correct the sentencing error, Judge Chung unilaterally removed the enhancement from count 6 and applied it to count 1, leaving the total sentence unchanged. The court explained that by retaining the original aggregate sentence, both parties would receive the "benefit of the bargain of a total sentence of 33 years and that an overall legal authorized sentence is imposed." On November 17, 2016, an amended abstract of judgment was filed, reflecting a 31-year sentence on count 1 (nine years doubled to 18 years, plus 10 years for the gun use enhancement and three years for the GBI enhancement), and a two-year sentence on count 6 (one year (one-third the midterm) doubled to two years), for an aggregate term of 33 years in state prison.

Thereafter, appellant submitted another letter to Judge Chung, requesting that one of the imposed enhancements be removed, and on August 14, 2017, the court responded with an order declining to strike either of the enhancements.

Appellant filed a habeas petition in the superior court in which he alleged that the trial court had imposed an illegal and unauthorized sentence when it removed the section 12022.7, subdivision (a) GBI enhancement from count 6 and attached it to count 1. On March 26, 2018, Judge Chung denied the petition, finding that appellant had failed to state a prima facie case of

---

[2] When a one-third subordinate sentence is imposed on the substantive offense to which an enhancement is attached, the term on the enhancement must also be a one-third term. (*People v. Moody* (2002) 96 Cal.App.4th 987, 992–993 [an enhancement attached to a consecutive subordinate term must be reduced to one-third of the term imposed for that specific enhancement].)

relief. The court noted it had "amended the judgment to reflect the great bodily injury enhancement as to the victim on Count 1" in order to ensure that "both sides received the benefit of the bargained for sentence of 33 years."

Appellant then filed a petition for writ of habeas corpus in this court, asserting the same claim he had raised in his superior court petition. Appellant also claimed he had been led to believe that the victim in count 6 had been shot, but he later learned this was not true. Appellant asserted that this false information had prompted him to accept the plea deal. Respondent filed a preliminary response, and appellant filed a traverse.

On October 4, 2018, this court issued an OSC in which we found appellant had made a prima facie showing of entitlement to relief solely on the claim that the superior court's order amending the judgment, the amended abstract of judgment, and orders denying relief from the amended judgment were improper. Specifically, we noted that the trial court had "unilaterally amended the judgment, which was the result of a plea agreement, without consent of the parties." The OSC was returnable in the superior court as to why the amendment to the judgment made by Judge Chung and the amended abstract of judgment should not be vacated. In all other respects, the petition was denied, and the court "express[ed] no opinion regarding whether petitioner may seek to withdraw his plea, as this issue has not been raised in the petition and appears not to have been raised in the superior court, or to pursue other relief." (*In re Zia* (Oct. 4, 2018, B289324).)

At the resentencing hearing before Judge Daviann Mitchell on October 10, 2019, pursuant to the OSC, appellant's counsel orally moved to withdraw the plea on the basis of ineffective

4

assistance of counsel, and requested appointment of conflict counsel. The superior court denied the motion without prejudice and imposed the identical sentence Judge Chung had imposed in the November 7, 2016 order. This appeal followed.

## DISCUSSION

## I. The Superior Court's Postjudgment Sentencing Order Made After this Court's OSC Is Appealable

Characterizing the superior court's postjudgment sentencing order made after the OSC as a denial of the habeas corpus petition, respondent contends that the instant appeal must be dismissed because the denial of appellant's habeas petition is not appealable or otherwise reviewable by this court.

Respondent is correct that in a noncapital criminal case the defendant has no right of appeal from an order granting or denying his or her petition for writ of habeas corpus. (*Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1064 ["No appeal lies from an order denying a petition for writ of habeas corpus"]; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983 (*Gallardo*) ["Although the People may appeal the granting of a writ of habeas corpus, the detainee has no right to appeal its denial and must instead file a new habeas corpus petition in the reviewing court"], 986 [same]; accord, *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7 ["Because no appeal lies from the denial of a petition for writ of habeas corpus, a prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal"]; *In re Application of Zany* (1913) 164 Cal. 724, 726.) Because Zia purports to appeal from a nonappealable order, respondent asserts that this court is

5

without jurisdiction to consider the appeal and must order dismissal.

However, as our Supreme Court in *People v. Romero* (1994) 8 Cal.4th 728 explained, "issuance of a writ of habeas corpus or an order to show cause is an intermediate but nonetheless vital step in the process of determining whether the court should grant the affirmative relief that the petitioner has requested.  The function of the writ or order is to 'institute a proceeding in which issues of fact are to be framed and decided.' [Citation.]  The issuance of either the writ of habeas corpus or the order to show cause creates a 'cause,' thereby triggering the state constitutional requirement that the cause be resolved 'in writing with reasons stated.'" (*Id*. at p. 740.)

In issuing the OSC returnable in the superior court in this case, this court determined the sentence was unauthorized and effectively granted the writ.  No evidentiary hearing or findings of fact were required:  All that remained for the superior court was to resentence appellant by vacating Judge Chung's order amending the judgment and to restore the original judgment, thereby resolving the cause.  Based on the record in this case, it thus appears that the superior court did not deny appellant's habeas petition, but entered a postjudgment order following a resentencing hearing.  That proceeding and the resulting order are subject to appellate review.[3]

_____

[3] Even if we were to accept respondent's characterization of the superior court's order as a nonappealable denial of appellant's habeas petition, dismissal would not be appropriate.  Rather, in the interests of judicial economy, the unusual procedural posture of this case would be better addressed by treating the appeal as a

6

## II. The Matter Is Remanded to the Superior Court for Further Proceedings Consistent with this Court's OSC

### A. *On remand the superior court shall vacate Judge Chung's order amending the judgment and reinstate the original judgment based upon the parties' negotiated plea*

"[A] negotiated plea agreement is in the nature of a contract. Thus, when the trial court accepts it, the agreement is binding on the parties and the court. (§ 1192.5; *Segura, supra*, 44 Cal.4th at pp. 930–931.) Thereafter, material terms of the agreement cannot be modified without the parties' consent. (*Segura, supra*, at p. 935.)" (*People v. Martin* (2010) 51 Cal.4th 75, 80.)

Here, appellant pleaded guilty in exchange for a specified sentence. In entering the negotiated plea agreement and agreeing to the 33-year sentence, appellant admitted a firearm use allegation (§ 12022.53, subd. (b)) in connection with count 1, and a GBI allegation (§ 12022.7, subd. (a)) as to count 6. By unilaterally removing the GBI allegation from count 6 and attaching it to count 1 without the consent of the parties, Judge Chung modified the material terms of the plea agreement and thereby improperly amended the judgment. (See *Segura, supra*, 44 Cal.4th at pp. 931–932 ["in the context of a negotiated plea the

petition for writ of habeas corpus or mandate whereby we would nevertheless reach the merits of the issues presented by the appeal. (*People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 (*Segura*) [treating appeal as petition for writ of habeas corpus in the interests of judicial economy]; *Gallardo, supra*, 77 Cal.App.4th at p. 986; see *People v. Banks* (1959) 53 Cal.2d 370, 379, fn. 5.)

trial court may approve or reject the parties' agreement, but the court may not attempt to secure such a plea by stepping into the role of the prosecutor, nor may the court effectively withdraw its approval by later modifying the terms of the agreement it had approved"]; *People v. Godfrey* (1978) 81 Cal.App.3d 896, 903 ["While the court . . . need not approve a bargain reached between the prosecution and the defendant, it cannot change that bargain or agreement without the consent of both parties"].) Likewise, Judge Mitchell's imposition of sentence pursuant to the amended judgment that had prompted the OSC also constituted an alteration of the material terms of the plea agreement without the consent of the defense.

Therefore, on remand in accordance with the OSC, the superior court shall vacate the postjudgment orders amending the original judgment, vacate the November 17, 2016 amended abstract of judgment, and reinstate the original judgment based upon the parties' negotiated plea.

**B.** *Appellant has not properly raised the issue of withdrawal of his plea, and he may not raise it on remand in these proceedings*

Over the course of these proceedings, appellant has indicated a desire to withdraw his plea on the ground that he received ineffective assistance of counsel during the plea negotiations. But as this court noted in the OSC, appellant has never properly raised the issue before any court. He may not do so on remand in this proceeding either.

It is settled that "[a] habeas corpus proceeding is 'limited to the claims which the court initially determined stated a prima facie case for relief.' [Citations.] ' "This process of defining the issues is important because issues not raised in the pleadings

8

need not be addressed. [Citation.]" [Citation.] Under this process, the issues to be addressed may not extend beyond the claims alleged in the habeas corpus petition.' " (*In re Arroyo* (2019) 37 Cal.App.5th 727, 732; *In re Lawley* (2008) 42 Cal.4th 1231, 1248 [the claims in an order to show cause are limited to those alleged in the petition]; see *In re Clark*, *supra,* 5 Cal.4th at p. 781, fn. 16.)

As set forth above, the sole matter before the superior court on remand in this case is the unauthorized sentence that resulted from Judge Chung's unilateral amendment to the judgment. Should appellant wish to withdraw his plea based on ineffective assistance of counsel or pursue any other relief, he is free to pursue any claims in an appropriate writ petition, but he may not do so on remand in this proceeding. (See *People v. Snow* (2003) 30 Cal.4th 43, 111 ["normally a claim of ineffective assistance of counsel is appropriately raised in a petition for writ of habeas corpus"].)

## III. The Superior Court Did Not Err in Refusing to Consider Withdrawal of the Plea or Appointment of Conflict Counsel in Proceedings Pursuant to this Court's OSC

Appellant contends that the superior court erred in failing to appoint conflict counsel at resentencing, and on remand, new counsel should be appointed. We find no error in the superior court's refusal to consider appellant's motion to withdraw his plea or appoint conflict counsel.

Respondent correctly observes that the request for conflict counsel was based solely on a conflict arising from appellant's motion to withdraw his plea for ineffective assistance of counsel. But neither the request to withdraw the plea nor any ineffective

9

assistance claim was raised in appellant's habeas petition, and in specifically limiting the OSC to the sentencing issue, this court "express[ed] no opinion regarding whether petitioner may seek to withdraw his plea" or pursue other relief. (*In re Zia*, *supra*, B289324.) Thus, the superior court was correct in ruling that it had no jurisdiction to entertain a motion to withdraw the plea, and, because the ineffective assistance of counsel claim was only relevant to a matter not before the court, the court was under no duty to appoint conflict counsel.

**DISPOSITION**

The October 10, 2019 resentencing order is reversed, and the matter is remanded to the superior court for further proceedings in accordance with this court's October 4, 2018 order to show cause. On remand the superior court shall vacate the postjudgment orders amending the original judgment, vacate the November 17, 2016 amended abstract of judgment, and reinstate the original judgment based upon the parties' negotiated plea.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



ASHMANN-GERST, J.



HOFFSTADT, J.