[No. A031985. First Dist., Div. Three. Nov. 18, 1985.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
KEITH ALLEN LUDWIG, Real Party in Interest.

**COUNSEL**

John K. Van de Kamp, Attorney General, Martin S. Kaye and Clifford K. Thompson, Jr., Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Richard W. Halpern and Linda F. Robertson for Real Party in Interest.

**OPINION**

**SCOTT, J.**—This petition for writ of mandate filed by the People of the State of California challenges the superior court's acceptance of a plea change. We have concluded that the court engaged in plea bargaining in violation of Penal Code section 1192.7.

Real party in interest, Keith Allen Ludwig (defendant), was charged by information with, inter alia, kidnaping for robbery, simple kidnaping, and robbery, along with a prior felony conviction. On June 26, 1985, the court

accepted defendant's change of plea to nolo contendere. At the hearing, the court referred to a "promise" of a maximum sentence of eight years, "made to induce" defendant to enter the plea. The court later characterized its action as "entering into a plea bargain over the District Attorney's objection." After taking the change of plea, the court referred the matter to the probation department and continued it for sentence. This petition followed.

■ We first address the procedural question of whether a petition for writ of mandate may be entertained in this situation, in light of the fact that the court's action is not appealable by the People under Penal Code section 1238. We conclude that the test of *People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138] is met. As explained in *People* v. *Municipal Court (Kong)* (1981) 122 Cal.App.3d 176, 180-183 [175 Cal.Rptr. 861], there are two prongs to the *Howard* test. The ruling must be in excess of the lower court's jurisdiction in the traditional sense, and writ review must not subject defendant to the harassment of retrial or further trial.

If an improper plea bargain was entered, the court exceeded its jurisdiction in the traditional sense. Penal Code section 1192.7, enacted June 8, 1982, by initiative, prevents plea bargaining in cases involving certain serious offenses, including the offenses charged here, except in circumstances not pertinent here. Just as the court was without subject matter jurisdiction to entertain a renewed motion to suppress evidence at trial in *People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605 [94 Cal.Rptr. 250, 483 P.2d 1202], the court here was without subject matter jurisdiction to plea bargain with defendant.

As for harassment, there is no danger of further trial or retrial of defendant, within the meaning of *People* v. *Superior Court (Howard), supra,* 69 Cal.2d 491. If the writ is granted, defendant will merely be faced with the choices of a contested trial or pleading guilty or nolo contendere. These consequences do not rise to the level of the harassment from further trial or retrial which caused the *Howard* court concern. Plea changes are a common occurrence in criminal practice and do not impose particularly onerous burdens on defendant. At most, defendant loses the temporary advantage and satisfaction of an illicit plea bargain and is returned to the prebargain state.

■ Turning to the merits, we find a direct violation of Penal Code section 1192.7. That section defines prohibited "plea bargaining" as "any bargaining, negotiation, or discussion between a criminal defendant, or his or her counsel, and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises, commitments, concessions, assurances, or considerations by the prosecuting

attorney or judge relating to any charge against the defendant or to the sentencing of the defendant." (Pen. Code, § 1192.7, subd. (b).) It is apparent that defendant here agreed to plead nolo contendere "in exchange" for assurances by the judge related to sentencing. The court admitted as much when it told defendant it would not impose sentence in excess of eight years and asked if any "other promises" had been made "to induce" defendant to enter his plea of nolo contendere. The court reconfirmed the bargain by admitting that it had entered into a "plea bargain over the District Attorney's objection."

Having concluded that an improper plea bargain was entered between the judge and defendant[1] we issue writ of mandate to vacate the court's action of accepting the plea change. Let a peremptory writ of mandate issue compelling the San Mateo County Superior Court to vacate its acceptance of defendant's plea change and to take such further actions as are consistent with this opinion and with Penal Code section 1192.7.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied December 9, 1985, and the petition of real party in interest for review by the Supreme Court was denied February 14, 1986.

---

[1]We deliberately express no view concerning the continuing validity of the "indicated sentence" (see *People* v. *Superior Court (Felmann)* (1976) 59 Cal.App.3d 270, 276-277 [130 Cal.Rptr. 548]) in light of Penal Code section 1192.7. The court's action here was clearly a plea bargain, not an indicated sentence, as the latter is described by *Felmann*.