[No. A059932. First Dist., Div. One. Jan. 14, 1994.]

THE PEOPLE, Plaintiff and Appellant, v.
LARRY BOOKER, Defendant and Respondent.

[No. A059955. First Dist., Div. One. Jan. 14, 1994.]

THE PEOPLE, Plaintiff and Appellant, v.
NANCY RODGERS, Defendant and Respondent.

[No. A061502. First Dist., Div. One. Jan. 14, 1994.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
NANCY RODGERS, Real Party in Interest.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General,

Stan M. Helfman and Gerald Engler, Deputy Attorneys General, for Plaintiff and Appellant and for Petitioner.

H. Stanley Dewey, under appointment by the Court of Appeal, and James Fitch, Public Defender, for Defendants and Respondents and for Real Party in Interest.

No appearance for Respondent Superior Court.

## OPINION

**NEWSOM, J.**—In these consolidated appeals and petition for writ of mandate, the People of the State of California challenge orders of the Solano County Superior Court granting the pretrial motions of defendants Booker and Rodgers to declare charged violations of Unemployment Insurance Code section 2101, subdivision (a) to be misdemeanors as a matter of law for all purposes.

In unrelated prosecutions, the District Attorney of Solano County filed an information charging defendant Larry Booker with a felony violation of Unemployment Insurance Code section 2101, subdivision (a), and an information charging defendant Nancy Rodgers with the same felony count in addition to two counts of perjury in violation of Penal Code section 118.[1] The defendants challenged the charged felony violations of Unemployment Insurance Code section 2101, subdivision (a) by filing a joint "Motion to Declare the Charged Crime to be a Misdemeanor." The defendants argued that the misdemeanor penalty provisions of Unemployment Insurance Code section 2117 rather than the discretionary misdemeanor/felony punishment provisions of Unemployment Insurance Code section 2122 specify the penalty for the charged violations of Unemployment Insurance Code section 2101, subdivision (a). The trial court granted the motion. The People have filed appeals and a petition for writ of mandate, which we have consolidated.

■ Defendants insist that the trial court's orders are neither appealable under section 1238 nor subject to writ review by this court. We conclude that the directives of the trial court declaring the charged violations of Unemployment Insurance Code section 2101, subdivision (a) to be misdemeanors rather than felonies are appealable by the People under section 1238, subdivision (a)(1) and (8).[2] An order dismissing an information or terminating part of a criminal action before trial is appealable. (*In re Rogers* (1980) 28 Cal.3d 429, 437-438 [169 Cal.Rptr. 222, 619 P.2d 415]; *People v. Jackson*

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]Section 1238 provides: "(a) An appeal may be taken by the people from any of the following: [¶] (1) An order setting aside the indictment, information, or complaint. ". . . . . . . . . . . . . . . . . . . . . . . .

(1991) 1 Cal.App.4th 697, 700-701 [2 Cal.Rptr.2d 308]; *People* v. *Sanchez* (1989) 211 Cal.App.3d 477, 481 [259 Cal.Rptr. 294]; *People* v. *Davis* (1979) 94 Cal.App.3d 215, 218-220 [156 Cal.Rptr. 395]; *People* v. *Shirley* (1978) 78 Cal.App.3d 424, 430 [144 Cal.Rptr. 282].) The trial court's decrees that the charged offenses must be prosecuted as misdemeanors were tantamount to dismissal of the felony charges against the defendants—in the case of Rodgers, one of the three felony counts with which she was charged—and, accordingly, may be appealed by the People. (Cf. *People* v. *McKee* (1968) 267 Cal.App.2d 509, 513 [73 Cal.Rptr. 112].)[3] We further believe that the trial court's orders effectively usurped the charging prerogative of the prosecutor, lacked underlying statutory authority, and must be reversed.

■ Defendants were charged with felony violations of Unemployment Insurance Code section 2101, subdivision (a). They waived preliminary hearing and did not seek a determination under section 17, subdivision (b) that the offenses are punishable only as misdemeanors.[4] Defendants also failed to demur to the informations, thereby waiving any defect in the pleadings (§§ 1004, 1012); nor did they move for dismissal of the felony charges (§ 995). They have not been convicted, so the sentencing discretion of the trial court to reduce the offenses to misdemeanors is not yet implicated. Thus, the trial court acted without statutory basis by dismissing the charged felonies. (Cf. *People* v. *Superior Court* (1971) 4 Cal.3d 605, 609 [94 Cal.Rptr. 250, 483 P.2d 1202]; *People* v. *Superior Court* (*Arthur R.*) (1988) 199 Cal.App.3d 494, 502 [244 Cal.Rptr. 841]; *People* v. *Superior Court* (*Himmelsbach*) (1986) 186 Cal.App.3d 524, 531 [230 Cal.Rptr. 890]; *People* v. *Superior Court* (*Ludwig*) (1985) 174 Cal.App.3d 473, 475 [220 Cal.Rptr. 87]; *People* v. *Municipal Court* (*Gelardi*) (1978) 84 Cal.App.3d 692, 700 [149 Cal.Rptr. 30].)

■ We are also convinced that the trial court misinterpreted the controlling punishment statutes. The specific offenses with which defendants were

---

"(8) An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy."

[3]Therefore, we will dismiss the writ petition as moot.

[4]In pertinent part, section 17, subdivision (b) provides: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison. [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

charged are found in Unemployment Insurance Code section 2101, subdivision (a), which reads: "It is a violation of this chapter to willfully make a false statement or representation or knowingly fail to disclose a material fact to obtain, increase, reduce or defeat any benefit or payment, whether for the maker or for any other person, under any of the following statutes administered by the department: [¶] (1) The provisions of this division." Unemployment Insurance Code section 2101 does not specify the penalty for a violation, so we must turn for guidance to other provisions in chapter 10. Unemployment Insurance Code section 2122 delineates the punishment for violations of chapter 10 as follows: "Except as provided in Sections 2117, 2117.5, 2118, and 2118.5, a violation of this chapter is punishable by imprisonment in the county jail not to exceed one year, or in the state prison, or by a fine of not more than twenty thousand dollars ($20,000), or by both the fine and imprisonment, at the discretion of the court."

Defendants submit that Unemployment Insurance Code section 2117 provides the penalty prescription for the charged offenses; it reads: "Any person who, with or without intent to evade any requirement of this code or any lawful requirement of the department under this code, fails to file any return or to supply any information required by this code or who, with or without like intent, makes, renders, signs, or verifies any false or fraudulent return or statement, or supplies any false or fraudulent information, is liable for a civil penalty of not more than one thousand dollars ($1,000), and is also guilty of a misdemeanor and shall, upon conviction, be fined an amount not to exceed one thousand dollars ($1,000), or be imprisoned for not more than one year, or both the fine and imprisonment, at the discretion of the court." Defendants maintain that Unemployment Insurance Code section 2117 "addresses conduct prohibited ·by Section 2101, subdivision (a), and provides for misdemeanor punishment of such conduct . . . ." Therefore, defendants' argument proceeds, the statutory scheme is ambiguous: Unemployment Insurance Code section 2101, subdivision (a) has no internal punishment provision, and either Unemployment Insurance Code section 2117 or section 2122 may be referred to for purposes of determining the appropriate penalty. Defendants claim that the ambiguity must be construed in their favor, making the offenses punishable under the misdemeanor only prescription of Unemployment Insurance Code section 2117. (*People* v. *Weidert* (1985) 39 Cal.3d 836, 848 [218 Cal.Rptr. 57, 705 P.2d 380]; *Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].)

In the context of the case before us, we do not find the ambiguity claimed by defendants. While Unemployment Insurance Code sections 2101, subdivision (a) and 2117 are indeed similar, they do not proscribe identical conduct. Unemployment Insurance Code section 2117 may be violated "with

or without intent," while Unemployment Insurance Code section 2101, subdivision (a) requires willful conduct. The nature of the proscribed conduct is also distinguishable: Unemployment Insurance Code section 2101, subdivision (a) demands a false representation or intentional omission of material fact *for the purpose of obtaining or increasing benefits*; Unemployment Insurance Code section 2117 merely requires a false statement or failure to file a return or statement. Unemployment Insurance Code section 2117 states an offense broader in scope and more generic than Unemployment Insurance Code section 2101, subdivision (a), encompassing any false statements or omissions, with or without intent. Unemployment Insurance Code section 2117 may be violated by conduct which is not as egregious and may not constitute a violation of Unemployment Insurance Code section 2101, subdivision (a). Thus, while violations of Unemployment Insurance Code section 2117 may be appropriately punished as misdemeanors only, we think the Legislature may have intended to impose more severe punishment for the separate and arguably more serious offenses stated in the remainder of chapter 10, including violations of Unemployment Insurance Code section 2101, subdivision (a).

The statutory language also suggests strongly to us that the penalty prescription for a violation of Unemployment Insurance Code section 2101, subdivision (a) is found in Unemployment Insurance Code section 2122, not Unemployment Insurance Code section 2117. Unemployment Insurance Code section 2101, subdivision (a) defines conduct which is "a violation of this chapter." Unemployment Insurance Code section 2122 provides the penalty for "a violation of this chapter," with specified exceptions including Unemployment Insurance Code section 2117 and other enumerated offenses which contain internal penalty provisions. (Unemp. Ins. Code, §§ 2117.5, 2118, 2118.5.) Unemployment Insurance Code section 2101, subdivision (a) and the remaining stated violations of the chapter have no penalty provisions. (Cf. Unemp. Ins. Code, §§ 2101.5, 2112, 2114-2116, 2119-2121.) We must ascertain the legislative intent by looking to " '. . . the words themselves' " and construing the statute "in the context of the entire statutory scheme of which it is a part, in order to achieve harmony among the parts. [Citations.]" (*People* v. *Perez* (1993) 18 Cal.App.4th 825, 829 [22 Cal.Rptr.2d 814].) We think harmony among the provisions of chapter 10 is achieved and the legislative intent effectuated by concluding that Unemployment Insurance Code section 2122 is the general punishment statute for chapter 10, governing those offenses stated in the chapter, Unemployment Insurance Code section 2101, subdivision (a) included, which have no punishment provision. (Cf. *People* v. *Gibbs* (1983) 145 Cal.App.3d 794, 797-798 [193 Cal.Rptr. 681].) Unemployment Insurance Code section 2117, in contrast, has an internal misdemeanor-only penalty prescription which does not apply to other offenses defined in chapter 10.

Our conclusion is buttressed by reference to the history of the legislation, which shows that Unemployment Insurance Code section 2101, subdivision (a)—like the other offenses in chapter 10 which have no internal penalty provision—was amended in 1986 to substitute the language "violation of this chapter" for "misdemeanor." (Stats. 1986, ch. 724, § 2, p. 2404.) The same legislation added Unemployment Insurance Code section 2122 which provides that the punishment for "a violation of this chapter" may be either a misdemeanor or felony "at the discretion of the court." (Stats. 1986, ch. 724, § 26, pp. 2409-2410.) The 1986 amendments are inconsistent with a legislative intent to continue to treat violations of Unemployment Insurance Code section 2101, subdivision (a) as misdemeanors only.

Defendants were both specifically charged with violations of Unemployment Insurance Code section 2101, subdivision (a), which included allegations that they made false statements and knowingly failed to disclose material facts "to obtain, increase, reduce and defeat" benefits and payments. Under Unemployment Insurance Code section 2122, violations of Unemployment Insurance Code section 2101, subdivision (a) may be charged as either felonies or misdemeanors at the discretion of the district attorney. (§ 17, subd. (a); *People* v. *Garnett* (1973) 31 Cal.App.3d 255, 257-258 [107 Cal.Rptr. 197].) Here, the offenses were charged by the prosecutor as felony violations of the statute, rather than Unemployment Insurance Code section 2117 misdemeanors, and must continue to be considered felonies unless designated misdemeanors upon imposition of judgment by the trial court. (*People* v. *Banks* (1959) 53 Cal.2d 370, 381 [1 Cal.Rptr. 669, 348 P.2d 102]; *People* v. *Lassiter* (1988) 202 Cal.App.3d 352, 357 [248 Cal.Rptr. 320]; *People* v. *Walker* (1969) 272 Cal.App.2d 252, 254 [76 Cal.Rptr. 924].) Accordingly, we conclude that the trial court misinterpreted the statutes and committed an error of law by ordering the offenses to be reduced to misdemeanors under Unemployment Insurance Code section 2117.

The trial court's orders declaring the charged felony violations of Unemployment Insurance Code section 2101, subdivision (a) to be misdemeanors are reversed. The case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein. The alternative writ is discharged, and the petition is dismissed as moot.

Strankman, P. J., and Dossee, J., concurred.