Filed 11/28/22
See dissenting opinion

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

    Plaintiff and Appellant,

v.

THOMAS BENJAMIN
BARTHOLOMEW,

    Defendant and Respondent.

2d Crim. No. B316314
(Super. Ct. No. 19F-02430)
(San Luis Obispo County)

### FACTUAL AND PROCEDURAL BACKGROUND

Thomas Benjamin Bartholomew was charged in a felony complaint with attempting to dissuade a witness (Pen. Code, § 136.1, subd. (b)(1)).[1]  The complaint also alleged prior strikes (§§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)) and prior prison terms (§ 667.5, subd. (b)).  At the conclusion of the preliminary hearing, the magistrate denied his request to reduce the charge to a misdemeanor (§ 17, subd. (b)(5)) and ordered him held to answer as charged.  The District Attorney timely filed an information alleging dissuading a witness (§ 136.1, subd. (a)(1))

---

[1] Statutory references are to the Penal Code.

1

and the prior strikes and prison terms.  The case languished for 21 months.  Appellant then moved to have the charge reduced to a misdemeanor. (§ 17, subd. (b).)  His motion was granted.  The case, however, had yet to be tried.

## DISCUSSION

Dissuading a witness pursuant to section 136.1, subdivision (a), may be punished as either a felony or a misdemeanor.[2] Section 17, subdivision (b), specifies the limited circumstances in which a trial court may designate a wobbler to be a misdemeanor. "No provision of section 17, subdivision (b), authorizes the superior court judge to [determine a wobbler to be a misdemeanor] prior to judgment or a grant of probation." (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 973, fn. 2; *People v. Superior Court (Jalalipour)* (2015) 232 Cal.App.4th 1199, 1205-1208.)

Bartholomew contends the People have no authority to appeal the order.  He is correct.[3]

The Penal Code strictly limits the rulings the People may appeal. (*People v. Williams* (2005) 35 Cal.4th 817, 822-823 (*Williams*).)  "Courts must respect the limits on review imposed by the Legislature 'although the People may thereby suffer a wrong without a remedy.'" (*Id*. at p. 823.)  "The fact that the act

---

[2] In criminal law parlance such a charge is referred to as a "wobbler." (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 902, fn. 9.)

[3] Although the People did not file a reply brief to either concede or refute the appealability issue, we resolve the issue on its merits. (*Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1218, fn. 4.)

2

of the trial court was without authority . . . , and thus was an act in excess of the trial court's jurisdiction in itself cannot enlarge the right of appeal by the People." (*People v. Godfrey* (1978) 81 Cal.App.3d 896, 901 [no appeal of reduction to lesser offense]; *In re G.C.* (2020) 8 Cal.5th 1119, 1129-1130 [juvenile court failed to declare offense misdemeanor or felony; appeal not authorized after judgment final].)

The People contend section 1238, subdivision (a)(6), allows the People to appeal from "[a]n order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense."[4]  Appeal of an order "modifying the offense to a lesser offense" pursuant to section 1238, subdivision (a)(6), includes "a trial court's order reducing a wobbler to a misdemeanor." (*People v. Statum* (2002) 28 Cal.4th 682, 692.)  In the instant matter, however, guilt had not been adjudicated.  Consequently, the order was not "[a]n order modifying the verdict" pursuant to subdivision (a)(6).

"We review de novo questions of statutory construction." (*People v. Tran* (2015) 61 Cal.4th 1160, 1166.)  We interpret section 1238, subdivision (a)(6), to allow appeal of "[a]n order modifying the verdict . . . by . . . modifying the offense to a lesser offense."  Our Supreme Court adopted this interpretation to conclude that the People could appeal reduction to a misdemeanor at sentencing.  (*People v. Statum*, *supra*, 28 Cal.4th at p. 688.)  But because the order here did not modify a verdict, it cannot be appealed pursuant to subdivision (a)(6).

---

[4] The notice of appeal cites section 1238, subdivision (a)(1) and (8), but the People's brief relies solely on subdivision (a)(6).

3

Our conclusion is supported by the Legislative Counsel's summary digest for the legislation that added the final phrase to section 1238, subdivision (a)(6)[5]:

"Under existing law, an appeal may be taken by the people in a criminal case from an order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed. [¶] This bill would also provide for such appeal from any *modification of the verdict or finding modifying the offense to a lesser offense.*" (Legis. Counsel's Dig., Assem. Bill No. 2843 (1977-1978 Reg. Sess.) Stats. 1978, ch. 1359, Summary Dig., p. 386, italics added.)

In *Williams, supra,* 35 Cal.4th at page 833, our Supreme Court concluded that the People could not appeal the magistrate's determination that the charged wobbler offenses were misdemeanors. The court held that while the People may appeal "an order entered at sentencing reducing a felony conviction for a wobbler offense to a misdemeanor," the People may not appeal "a pretrial order declaring a wobbler offense charged as a felony to be a misdemeanor." (*Ibid.*) This is true even though, as is the case here, reducing the charges to misdemeanors had the effect of dismissing the prior strikes and a prior prison term. (See *id.* at p. 820.)

Although *Williams* interpreted subdivision (a)(1) and (8) of section 1238, the same rationale prohibits appeal pursuant to subdivision (a)(6). This is not one of the "very limited circumstances" in which the Legislature permits "pretrial appeals by the People of charges that have not been dismissed or

---

[5] "'Although the Legislative Counsel's summary digests are not binding [citation], they are entitled to great weight'" and are "'recognized as a primary indication of legislative intent.'" (*Mt. Hawley Ins. Co. v. Lopez* (2013) 215 Cal.App.4th 1385, 1401.)

set aside." (*Williams*, *supra*, 35 Cal.4th at p. 833.) "Permitting a pretrial appeal by the People while the guilt of the defendant remained at issue would significantly delay the proceedings and impact the defendant's right to a speedy trial." (*Ibid.*)

Disallowing the appeal here "renders a result that is consistent with the remainder of the statutory scheme." (*People v. Statum*, *supra*, 28 Cal.4th at p. 692.) In *Statum*, our Supreme Court held that allowing the People to appeal reduction to a misdemeanor when the court imposes a sentence of jail time or a fine is consistent with the People's right to seek writ review of reduction to a misdemeanor when the court grants probation, or to appeal reduction when the court suspends imposition of judgment and grants probation. (*Ibid.*) In each case, the appeal follows the adjudication of guilt.

In contrast, the inability to appeal a trial court's pretrial reduction to a misdemeanor is consistent with the inability to appeal a magistrate's reduction to a misdemeanor, even when the order is in excess of the magistrate's jurisdiction. (*Williams, supra*, 35 Cal.4th at p. 830; *People v. Hawkins* (1978) 85 Cal.App.3d 960.)[6]

---

[6] The appeal is not authorized by *People v. Silva* (1995) 36 Cal.App.4th 231, upon which the People rely. As in *Silva*, the trial court here erred when it declared the offense to be a misdemeanor after the information was filed but before trial. But in *Silva*, the People appealed from the judgment after the defendant pleaded guilty and was sentenced. *Silva* did not discuss appealability, and does not authorize a pretrial appeal here.

Because the appeal is not authorized by law, it must be dismissed.[7]

**DISPOSITION**

The appeal is dismissed.

<u>CERTIFIED FOR PUBLICATION.</u>


PERREN, J.*


I concur:


GILBERT, P. J.

---

[7] The People have not requested that we treat the appeal as a petition for an extraordinary writ. We would decline to do so in any event because the People did not timely seek writ review. (*Williams, supra*, 35 Cal.4th at p. 834; *Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 310.)

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

YEGAN, J., Dissenting:

For every wrong, there is a remedy. So says the Legislature (Civil Code, § 3523), relying upon the venerable Latin phrase, ubi jus, ibi remedium. Except in this case. The majority opinion concedes that the trial court was wrong but says that the People may not appeal. This severely prejudices the People of the State of California. It was wrong for the trial court to even consider the post-preliminary hearing, pretrial motion to reduce a felony to a misdemeanor. The majority opinion impliedly concedes this point. Then, the trial court overruled the prosecutor's exclusive discretionary charging authority. It substituted it's judgment for that of the prosecutor and granted the motion. This was wrong. The majority opinion expressly concedes that this was error. But it forecloses the People from review by appeal. If the majority opinion is correct, there will be a new arrow in defense counsel's quiver—a "Bartholomew motion." Why not? If a trial court entertains such a motion and grants it, there is no appeal. This will be a great settlement tool and clear criminal calendars of "wobbler" offenses. But the separation of powers principle of our State Constitution is now sacrificed. There is one good thing about the majority opinion. It serves as an example of how the trial court should not proceed. I respectfully dissent.

The majority opinion states that Bartholomew "is correct" in "contend[ing] the People have no authority to appeal the order" reducing the wobbler to a misdemeanor. (Maj. opn., *ante*, at p. 2.) I disagree. The trial court's order is appealable pursuant to Penal Code section 1238, subdivisions (a)(1) and (a)(8) because it was unauthorized and usurped the prosecution's constitutional

1

charging function.[1]  The order is tantamount to a dismissal of the felony charge.  Section 1238, subdivision (a)(1) provides that the People may appeal from "[a]n order setting aside all or any portion of the indictment, information, or complaint."  Subdivision (a)(8) provides that the People may appeal from "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action . . . ."  The word, "felony" is a "portion" of the information or the "action" within the meaning of section 1238, subdivisions (a)(1) and (a)(8).

The appealability of the trial court's order is supported by *People v. Booker* (1994) 21 Cal.App.4th 1517 (*Booker*).  There, the information charged defendants with felony violations of Unemployment Insurance Code section 2101, subdivision (a).  Based on defendants' argument that a violation of this statute is punishable only as a misdemeanor, the trial court granted their pretrial motion to declare the charged offenses to be misdemeanors.  The People appealed the trial court's order.  Defendants insisted that the order was not appealable under section 1238.

The Court of Appeal determined that the trial court had "misinterpreted the controlling punishment statutes." (*Booker*, *supra*, 21 Cal.App.4th at p. 1521.)  A violation of Unemployment Insurance Code section 2101, subdivision (a) is not punishable only as a misdemeanor.  Such violations "may be charged as either felonies or misdemeanors at the discretion of the district attorney." (*Booker,* at p. 1524.)  Since the district attorney had charged the violations as felonies, they "must continue to be

---

[1] Unless otherwise stated, all further statutory references are to the Penal Code.

considered felonies unless designated misdemeanors upon imposition of judgment by the trial court." (*Ibid.*)

The Court of Appeal continued: "The trial court's decrees that the charged offenses must be prosecuted as misdemeanors were tantamount to dismissal of the felony charges against the defendants . . . and, accordingly, may be appealed by the People [under section 1238, subdivisions (a)(1) and (a)(8)]. [Citation.] We further believe that the trial court's orders effectively usurped the charging prerogative of the prosecutor, lacked underlying statutory authority, and must be reversed." (*Booker*, *supra*, 21 Cal.App.4th at p. 1521, fn. omitted.)

In *People v. Williams* (2005) 35 Cal.4th 817, 831 (*Williams*), our Supreme Court distinguished *Booker*: "The superior court in *Booker* . . . made an error of law in ruling that a violation of Unemployment Insurance Code section 2101 could not be charged as a felony because it was a straight misdemeanor. The Court of Appeal held that this ruling was *without statutory authority* and, therefore, was tantamount to a dismissal of the felony charges. It was not, as in the present case, a determination under section 17(b)(5) [and therefore with statutory authority] that a wobbler offense charged as a felony is a misdemeanor." (Italics added, fn. omitted.) Section 17, subdivision (b)(5) authorizes "the magistrate" to declare a wobbler to be a misdemeanor at or before the preliminary examination.

*Williams* held "that the People may not appeal the magistrate's determination under Penal Code section 17, subdivision (b)(5) that wobbler offenses charged as felonies were misdemeanors." (*Williams*, *supra*, 35 Cal.4th at p. 820; see also *id.*, at p. 833 ["our decision does not hold that a magistrate's decision declaring that wobbler offenses charged as felonies are misdemeanors is not subject to any appellate review;

3

we hold only that such an order by a magistrate is not appealable"].)

The majority opinion erroneously interprets the holding of *Williams* as being substantially broader: "The [*Williams*] court held that . . . the People may not appeal 'a *pretrial order* [i.e., any pretrial order; not just a magistrate's order under section 17(b)(5)] declaring a wobbler offense charged as a felony to be a misdemeanor.' (*Ibid*.)" (Maj. opn., *ante*, at p. 4, italics added.)[2]

Here, as in *Booker* and unlike *Williams*, the trial court's order was without statutory authority. "[I]f the magistrate finds the People have appropriately charged the defendant with a felony, the defendant is held to answer for the felony charge. [Citation]. Thereafter, [until sentencing] only the prosecution may reduce the charge, because the executive alone is entrusted with '[t]he charging function' and has the sole 'prerogative to conduct plea negotiations.'" (*People v. Superior Court (Jalalipour)* (2015) 232 Cal.App.4th 1199, 1208-1209.)

---

[2] The majority opinion's quoted language from *Williams* – "'a pretrial order declaring a wobbler offense charged as a felony to be a misdemeanor'" – appears in the following dicta: "The People argue that '[t]here is no sound reason why the Legislature would have wanted to allow an appeal from reduction orders made by a sentencing court under Penal Code section 17, subdivision (b)(1) or (3), but not reduction orders made by a magistrate under Penal Code section 17, subdivision (b)(5).' We disagree. There are significant differences between an order entered at sentencing reducing a felony conviction for a wobbler offense to a misdemeanor and *a pretrial order declaring a wobbler offense charged as a felony to be a misdemeanor* that could have led the Legislature to grant the People a right to appeal in one instance but not the other." (*Williams*, *supra*, 35 Cal.4th at p. 833, italics added.)

4

*Booker* concluded that the pretrial orders declaring wobblers to be straight misdemeanors were "tantamount to dismissal of the felony charges" because the orders "effectively usurped the charging prerogative of the prosecutor [and] lacked underlying statutory authority . . . ." (*Booker*, *supra*, 21 Cal.App.4th at p. 1521.)  The same conclusion should be drawn as to the pretrial order here.  Section 17, subdivision (b) "specifically leaves the determination of the nature of the conviction to the discretion of the [trial] judge to be determined *at sentencing*," not before sentencing.  (*People v. Trausch* (1995) 36 Cal.App.4th 1239, 1246.)

In *Williams* the Supreme Court "express[ed] no view upon[] the correctness of the holding in *People v. Booker*, *supra*, 21 Cal.App.4th 1517, 1521, that an order without a statutory basis that a charged felony offense must be prosecuted as a misdemeanor is tantamount to a dismissal." (*Williams*, *supra*, 35 Cal.4th at p. 831, fn. 10.)  But the *Booker* holding is well-founded, and there is no reason to depart from it.  The trial court's order in *Booker*, as well as the order here, nullified the People's sole discretion to determine whether a wobbler should be charged as a felony or a misdemeanor.  "The California Constitution (art. III, § 3) provides that '[t]he powers of state government are legislative, executive, and judicial.  Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution.'  [¶]  It is well settled that the prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine whom to charge with public offenses and what charges to bring.  [Citations.]  This prosecutorial discretion to choose, for each particular case, the actual charges from among those potentially available arises from "'the complex considerations necessary for the effective and efficient

5

administration of law enforcement.'" [Citations.] The prosecution's authority in this regard is founded, among other things, on the principle of separation of powers, and generally is not subject to supervision by the judicial branch." (*People v. Birks* (1998) 19 Cal.4th 108, 134.)

Thus, the trial court's order here was not only unauthorized; it was also unconstitutional because it violated the separation of powers clause. The order was especially egregious because it invalidated the information's allegations of two prior strikes within the meaning of California's "Three Strikes" law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) "[W]obblers classified as misdemeanors . . . do not trigger increased penalties." (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 979.)

"Our fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272.) Surely, the Legislature did not intend to deny the People the right to seek review, on direct appeal, of the trial court's unauthorized order. Perhaps the People could have filed a timely petition for an extraordinary writ. But this is doubtful. (See *post,* p. 7.) And, the opportunity to seek appellate review by way of an extraordinary writ is not a substitute for review as a matter of right by way of an appeal. "Unlike appeals, which are heard as a matter of right, relief through writ review is deemed *extraordinary*, equitable and *completely discretionary*. Thus, even if a trial court ruling is incorrect, the appellate court is not required to grant immediate writ review . . . ." (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group, Nov. 2021 update) Ch. 15-A, ¶ 15:1.2 (Eisenberg); see *People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 497 ["Ordinarily

6

the granting of this relief [issuance of an extraordinary writ] lies in the discretion of the court"].)  Thus, "counsel should never assume an erroneous nonappealable ruling will routinely be subject to writ relief upon request."  (Eisenberg, *supra*, at ¶ 15:1.3; see also this court's discussion under the heading, "*Relief by Way of Extraordinary Writ—Why It Is Hard to Get, and Why We Initially Denied the Petition*," in *Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1271-1274.)

"[A]s a general rule the People may not seek" extraordinary writ relief "when there is no right to appeal . . . ."  (*Williams*, *supra*, 35 Cal.4th at pp. 833-834; see *People v. Superior Court (Howard)*, *supra*, 69 Cal.2d at p. 498 ["The restriction on the People's right to appeal is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on review of trial court determinations in criminal trials"]; *id.*, at p. 499 ["To permit the People to resort to an extraordinary writ to review where there is no right to appeal would be to give the People the very appeal which the Legislature has denied to them"].)

The Legislature must have been aware that "the People's ability in a criminal proceeding to obtain extraordinary relief is severely restricted where there is no right to appeal."  (*Fadelli Concrete Pumping, Inc. v. Appellate Department* (1995) 34 Cal.App.4th 1194, 1201.)  "[T]he Legislature is presumed to know about existing case law when it enacts or amends a statute . . . ."  (*In re W.B.* (2012) 55 Cal.4th 30, 57.)

Accordingly, section 1238, subdivisions (a)(1) and (a)(8) should be construed as permitting the People's appeal from the court's post-preliminary hearing, pretrial order reducing the charged felony offense to a misdemeanor because the

7

unauthorized order was tantamount to a dismissal of the felony offense.  (*Booker*, *supra*, 21 Cal.App.4th at p. 1521.)
<u>CERTIFIED FOR PUBLICATION</u>.



YEGAN, J.




8

Brian R. Aronson, Judge

Superior Court County of San Luis Obispo

_____

Dan Dow, District Attorney, and Amy Fitzpatrick, Deputy District Attorney, for Plaintiff and Appellant.

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Respondent.