Filed 8/16/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF VENTURA COUNTY,<br><br>  Respondent;<br><br>RICHARD ALLEN MITCHELL,<br><br>  Real Party in Interest. | 2d Civil No. B326653<br>(Super. Ct. No. 2018009315)<br>(Ventura County) |

      We hold that Penal Code section 1238, subdivisions (a)(1) and (a)(8) permit the People to appeal a superior court's post-preliminary hearing, pretrial order reducing a felony "wobbler" to a misdemeanor because the order is unauthorized and

tantamount to a dismissal of the felony offense.[1]  A "wobbler" is "an offense which may be charged and punished as either a felony or a misdemeanor . . . ."  (*Davis v. Municipal Court* (1988) 46 Cal.3d 64, 70.)  A "felony wobbler" is a wobbler charged as a felony offense.

In *People v. Bartholomew* (2022) 85 Cal.App.5th 775, 778, this court's majority opinion acknowledged, "'No provision of section 17, subdivision (b), authorizes the superior court judge to [determine a wobbler to be a misdemeanor] prior to judgment or a grant of probation.'"  (Bracketed material in original.)  But the majority opinion held that "the People have no authority to appeal" the superior court's pretrial order reducing a felony wobbler to a misdemeanor.  (*Ibid*.)  The majority rejected the People's claim that section 1238, subdivision (a)(6) authorizes such an appeal.  The People did not raise the issue of whether an appeal is authorized under section 1238, subdivisions (a)(1) and (a)(8).  A dissenting opinion contended that an appeal is permissible under these two subdivisions.  (*Bartholomew, supra*, at pp. 780-785, dis. opn. of Yegan, J.)  We conclude the dissenting opinion is correct.  We disapprove of the holding in *Bartholomew*.

Here, the People petitioned for a writ of mandate directing the superior court to vacate its post-preliminary hearing, pretrial order reducing a felony wobbler to a misdemeanor.  The People also filed an appeal.  (*People v. Mitchell*, B326598.)  Because the superior court's order is both unauthorized and appealable, we issue the requested writ.  By separate order, we dismiss the appeal as moot.

---

[1] Unless otherwise specified, all statutory references are to the Penal Code.

*Procedural Background*

Richard Allen Mitchell, real party in interest, hereafter "defendant," was held to answer at a preliminary hearing. The People filed a two-count information. The first count charged defendant with a felony wobbler – resisting an executive officer in violation of section 69, subdivision (a). The information alleged that he had previously been convicted of a serious or violent felony within the meaning of California's "Three Strikes" law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) The second count charged defendant with a straight misdemeanor – possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).)

On the day that a jury trial was scheduled to begin, the superior court reduced the felony wobbler to a misdemeanor. The court said the reduction was pursuant to section 17, subdivision (b) (section 17(b)). The court noted that the reduction was "over the People's strong objection." Defendant did not enter a plea to the reduced charge, and the court continued the matter.

We stayed further proceedings in the superior court. We issued an order to show cause why the relief prayed for in the People's petition should not be granted.

*The Superior Court Lacked Authority to*
*Reduce the Felony Wobbler to a Misdemeanor*

Section 17(b) provides in relevant part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the

3

provisions of subdivision (h) of Section 1170. [¶] . . . [¶] (3) When the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor. [¶] . . . [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

Here, "the court's order reducing the [felony wobbler] to [a] misdemeanor[] was unauthorized under section 17(b). No judgment, entry of a plea, or finding of guilt had occurred to bring subdivisions (b)(1) or (b)(3) into play. Nor did subdivision (b)(5) apply; the preliminary examination had already taken place and [defendant] had been held to answer pursuant to section 872." (*People v. Superior Court (Jalalipour)* (2015) 232 Cal.App.4th 1199, 1205 (*Jalalipour*).)

There is no other statutory authority for the superior court's order reducing the felony wobbler to a misdemeanor over the People's objection. "[I]f [at the preliminary hearing] the magistrate finds the People have appropriately charged the defendant with a felony, the defendant is held to answer for the felony charge. [Citation]. Thereafter, [until sentencing] only the prosecution may reduce the charge, because the executive alone is entrusted with '[t]he charging function' and has the sole 'prerogative to conduct plea negotiations.'" (*Jalalipour, supra,* 232 Cal.App.4th at pp. 1208-1209; see also *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 973, fn. 2 (*Alvarez*) ["No provision of section 17, subdivision (b), authorizes the superior

4

court judge to [reduce a felony wobbler to a misdemeanor] prior to judgment or a grant of probation"].)

*Jalalipour* held "that, unless the People consent to a reduction of the charged offense, the establishment of defendant's guilt, whether by plea or trial, must *precede* a court's reduction of a wobbler to a misdemeanor under Penal Code section 17, subdivision (b)(3)." (*Jalalipour*, *supra*, 232 Cal.App.4th at pp. 1201-1202.) *Jalalipour* also held "that, in the absence of the People's consent, the court's [pretrial] reduction of the charged felonies to misdemeanors, and then allowing defendant to plead guilty to the misdemeanors, constituted an unlawful judicial plea bargain." (*Id.* at p. 1202.)

### *Section 1238, subds. (a)(1) and (a)(8) Permit an Appeal from the Order Reducing the Felony Wobbler to a Misdemeanor*

In his return to the petition, defendant argues that the People have no right to appeal the superior court's prejudgment order reducing the felony wobbler to a misdemeanor. Therefore, "the People should not . . . be permitted to resort to extraordinary writ review to circumvent the very appeal which the Legislature has denied to them."

"[A]s a general rule the People may not seek" extraordinary writ relief "when there is no right to appeal . . . ." (*People v. Williams* (2005) 35 Cal.4th 817, 833-834 (*Williams*); see *People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 498 (*Howard*) ["The restriction on the People's right to appeal is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on review of trial court determinations in criminal trials"]; *id.*, at p. 499 ["To permit the People to resort to an extraordinary writ to review where there is no right to appeal would be to give the

5

People the very appeal which the Legislature has denied to them"].)

"The prosecution in a criminal case has no right to appeal except as provided by statute." (*Williams*, *supra*, 35 Cal.4th at p. 822.) If section 1238, subdivisions (a)(1) and (a)(8) authorize an appeal from the instant order reducing the felony wobbler to a misdemeanor, there is no impediment to the People's petition for a writ of mandate. Subdivision (a)(1) provides that the People may appeal from "[a]n order setting aside all or *any portion* of the indictment, information, or complaint." (Italics added.) Subdivision (a)(8) provides that the People may appeal from "[a]n order or judgment dismissing or otherwise terminating all or *any portion* of the action . . . ." (Italics added.)

When the superior court reduced the felony wobbler to a misdemeanor, it actually set aside or terminated a "portion" of the information or action. The "portion" set aside or terminated was the wobbler's felony attributes. But in *Williams*, *supra*, 35 Cal.4th at p. 830, our Supreme Court held that a magistrate's order reducing a felony wobbler to a misdemeanor under section 17(b)(5) is not appealable because it does not set aside or terminate a portion of the complaint or action within the meaning of section 1238, subdivisions (a)(1) or (a)(8). The Supreme Court reasoned: "The magistrate's order under section 17(b)(5) did not preclude the People from prosecuting the wobbler offenses charged against defendant; it simply determined that these offenses were misdemeanors rather than felonies." (*Williams, supra,* at p. 830.) The dissenting opinion observed, "[T]he majority's thesis is that the magistrate's [section 17(b)(5)] order is not a setting aside, dismissal, or otherwise a termination of any portion of the felony complaint or action because it 'did not

6

preclude the People from prosecuting the wobbler offenses charged against defendant.'" (*Id.* at p. 836, dis. opn. of Baxter, J.)

The majority opinion in *Williams* concluded that "*People v. Booker* (1994) 21 Cal.App.4th 1517 [(*Booker*)], . . . upon which the People rely, is distinguishable." (*Williams*, *supra*, 35 Cal.4th at p. 830.) Here, in contrast, *Booker* supports the People's position that the superior court's order is appealable. In *Booker* the information charged defendants with felony violations of Unemployment Insurance Code section 2101, subdivision (a). Based on defendants' argument that a violation of this statute is punishable only as a misdemeanor, the trial court granted their pretrial motion to declare the charged offenses to be misdemeanors. The People appealed the trial court's order. Defendants insisted that the order was not appealable under section 1238.

The Court of Appeal determined that the trial court had "misinterpreted the controlling punishment statutes." (*Booker*, *supra*, 21 Cal.App.4th at p. 1521.) A violation of Unemployment Insurance Code section 2101, subdivision (a) is not punishable only as a misdemeanor. Such violations "may be charged as either felonies or misdemeanors at the discretion of the district attorney." (*Booker,* at p. 1524.) Since the district attorney had charged the violations as felonies, they "must continue to be considered felonies unless designated misdemeanors upon imposition of judgment by the trial court." (*Ibid.*)

The Court of Appeal continued: "The trial court's decrees that the charged offenses must be prosecuted as misdemeanors were tantamount to dismissal of the felony charges against the defendants . . . and, accordingly, may be appealed by the People [under section 1238, subdivisions (a)(1) and (a)(8)]. [Citation.]

7

We further believe that the trial court's orders effectively usurped the charging prerogative of the prosecutor, lacked underlying statutory authority, and must be reversed." (*Booker*, *supra*, 21 Cal.App.4th at p. 1521, fn. omitted.)

In distinguishing *Booker*, our Supreme Court explained: "The superior court in *Booker* . . . made an error of law in ruling that a violation of Unemployment Insurance Code section 2101 could not be charged as a felony because it was a straight misdemeanor. The Court of Appeal held that this ruling was *without statutory authority* and, therefore, was tantamount to a dismissal of the felony charges. It was not, as in the present case, a [statutorily authorized] determination [by a magistrate] under section 17(b)(5) that a wobbler offense charged as a felony is a misdemeanor." (*Williams*, *supra*, 35 Cal.4th at p. 831, italics added, fn. omitted.)

Here, as in *Booker* and unlike *Williams*, the superior court's order was without statutory authority. *Booker* concluded that the pretrial orders declaring felony wobblers to be straight misdemeanors were "tantamount to dismissal of the felony charges" because the orders "effectively usurped the charging prerogative of the prosecutor [and] lacked underlying statutory authority . . . ." (*Booker*, *supra*, 21 Cal.App.4th at p. 1521.) The same conclusion should be drawn as to the pretrial order here. Section 17, subdivision (b) "specifically leaves the determination of the nature of the conviction to the discretion of the [trial] judge to be determined *at sentencing*," not before the adjudication of the defendant's guilt. (*People v. Trausch* (1995) 36 Cal.App.4th 1239, 1246.)

*Williams* "express[ed] no view upon[] the correctness of the holding in . . . *Booker*, *supra*, 21 Cal.App.4th 1517, 1521, that an

order without a statutory basis that a charged felony offense must be prosecuted as a misdemeanor is tantamount to a dismissal." (*Williams*, *supra*, 35 Cal.4th at p. 831, fn. 10.)  But the *Booker* holding is well-founded, and there is no reason to depart from it.  The trial court's order in *Booker*, as well as the order here, nullified the People's sole discretion to determine whether a wobbler should be charged as a felony or a misdemeanor.  "The California Constitution (art. III, § 3) provides that '[t]he powers of state government are legislative, executive, and judicial.  Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution.'  [¶]  It is well settled that the prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine whom to charge with public offenses and what charges to bring.  [Citations.]  This prosecutorial discretion to choose, for each particular case, the actual charges from among those potentially available arises from "'the complex considerations necessary for the effective and efficient administration of law enforcement.'"  [Citations.]  The prosecution's authority in this regard is founded, among other things, on the principle of separation of powers, and generally is not subject to supervision by the judicial branch." (*People v. Birks* (1998) 19 Cal.4th 108, 134.)

Thus, the superior court's order here was not only unauthorized; it was also unconstitutional because it violated the separation of powers clause.  The order was especially egregious because it invalidated the information's allegation of one prior strike within the meaning of California's "Three Strikes" law.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  "[W]obblers classified

9

as misdemeanors . . . do not trigger increased penalties." (*Alvarez, supra,* 14 Cal.4th at p. 979.)

"[T]he Three Strikes law . . . requires a second strike defendant [such as the defendant herein] to be sentenced to double the otherwise applicable prison term for his or her current felony conviction." (*People v. Gallardo* (2017) 4 Cal.5th 120, 125.) If in a felony action the court dismisses a strike, "[t]he reasons for the dismissal shall be stated orally on the record" and "in an order entered upon the minutes if requested by either party." (§ 1385, subd. (a).) By its pretrial order reducing defendant's felony wobbler to a misdemeanor, the superior court in effect dismissed the strike without the necessity of stating its reasons for doing so.

"Our fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272.) Surely, the Legislature did not intend to deny the People the right to seek review, on direct appeal, of the superior court's unauthorized order. As previously explained, where an appeal is barred, it is questionable whether the People may seek appellate review by way of an extraordinary writ. (See the discussion, *ante*, at pp. 5-6.)

Even if extraordinary writ review were available, this would not be a substitute for review as a matter of right by way of an appeal. "Unlike appeals, which are heard as a matter of right, relief through writ review is deemed *extraordinary*, equitable and *completely discretionary*. Thus, even if a trial court ruling is incorrect, the appellate court is not required to grant immediate writ review . . . ." (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group, Nov. 2021

10

update) Ch. 15-A, ¶ 15:1.2 (Eisenberg); see *Howard*, *supra*, 69 Cal.2d at p. 497 ["Ordinarily the granting of this relief [issuance of an extraordinary writ] lies in the discretion of the court"].) Thus, "counsel should never assume an erroneous nonappealable ruling will routinely be subject to writ relief upon request." (Eisenberg, *supra*, at ¶ 15:1.3; see also this court's discussion under the heading, "*Relief by Way of Extraordinary Writ—Why It Is Hard to Get, and Why We Initially Denied the Petition*," in *Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1271-1274.)

The Legislature must have known that "the People's ability in a criminal proceeding to obtain extraordinary relief is severely restricted where there is no right to appeal." (*Fadelli Concrete Pumping, Inc. v. Appellate Department* (1995) 34 Cal.App.4th 1194, 1201.) "[T]he Legislature is presumed to know about existing case law when it enacts or amends a statute . . . ." (*In re W.B.* (2012) 55 Cal.4th 30, 57.)

In construing a statute, "[w]e must . . . avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend." (*People v. Mendoza* (2000) 23 Cal.4th 896, 908.) Prohibiting a People's appeal here would lead to absurd consequences that the legislature could not have intended. The superior court's order would have been appealable had it waited until the time of sentencing: "[A] superior court's order at the time of sentencing reducing a felony conviction for a wobbler offense to a misdemeanor [is] appealable under section 1238, subdivision (a)(6), as '[a]n order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense.'" (*Williams*, *supra*, 35 Cal.4th at p. 831.) The order also would have been

11

appealable under section 1238, subdivision (a)(5) had "the trial court declare[d] the wobbler to be a misdemeanor after suspending the imposition of judgment and granting probation." (*People v. Statum* (2002) 28 Cal.4th 682, 692; see *People v. Douglas* (1999) 20 Cal.4th 85, 88, 90-91.) Section 1238, subdivision (a)(5) provides that the People may appeal from "[a]n order made after judgment, affecting the substantial rights of the people." It would be absurd to allow an appeal from the superior court's *statutorily authorized* order reducing a felony wobbler to a misdemeanor at the time of sentencing or after suspending the imposition of judgment and granting probation, but to bar an appeal from the court's *unauthorized* pretrial order accomplishing the same result. Barring an appeal in these circumstances could encourage a court to take the unauthorized route in order to evade appellate review. There is no reason "why the Legislature would have wanted to allow an appeal in one circumstance [the authorized route] but not the other [the unauthorized route]." (*Statum*, *supra*, at p. 692.)

Accordingly, we construe section 1238, subdivisions (a)(1) and (a)(8) as permitting the People to appeal from the superior court's post-preliminary hearing, pretrial order reducing the felony wobbler to a misdemeanor because the unauthorized order was tantamount to a dismissal of the felony offense. (*Booker*, *supra*, 21 Cal.App.4th at p. 1521.)

Defendant claims "the alleged error – the untimely discretionary reduction of a felony to a misdemeanor – is reviewable following the adjudication of guilt and the imposition of probation." Defendant is referring to section 1238, subdivision (d), which provides: "Nothing contained in this section shall be construed to authorize an appeal from an order granting

12

probation. Instead, the people may seek appellate review of any grant of probation . . . by means of a petition for a writ of mandate or prohibition which is filed within 60 days after probation is granted. *The review of any grant of probation shall include review of any order underlying the grant of probation.*" (Italics added.) After a defendant has been granted probation, the above-italicized language authorizes extraordinary writ review of a post-preliminary hearing, pretrial order reducing a felony wobbler to a misdemeanor. (*Jalalipour*, *supra*, 232 Cal.App.4th at p. 1204.) "The court's order . . . underlies its probation grant within the meaning of section 1238, subdivision (d)." (*Ibid.*)

Because of the appellate review available under section 1238, subdivision (d), defendant maintains that "the risk of harassment to [him if this court grants the writ] far outweighs any error complained of by the People." Defendant explains: "[I]f this court denies the writ, the People will only be deprived of appellate review if [he] is found not guilty of" the felony wobbler that was reduced to a misdemeanor. Thus, "the prejudice to the prosecution [will be] slight" if the writ is denied. "In contrast, the harassment to [defendant] by granting the writ is very real. Presently, the case is stayed and he is unable to resolve the case by either settlement or trial."

We perceive no justification for denying the People's petition for extraordinary relief. If we deny the petition and defendant is found guilty, there is no assurance that the superior court will grant probation. Section 1238, subdivision (d) applies only if probation is granted. (*Jalalipour*, *supra*, 232 Cal.App.4th at p. 1207 [section 1238, subdivision (d) "permits the prosecution only to petition for *writ* relief from a probation grant"].)

13

Moreover, there is no reason why the proceedings should be allowed to continue as a misdemeanor prosecution when the superior court clearly did not have the authority to reduce the felony wobbler to a misdemeanor.  The continuation of the misdemeanor prosecution would result in "a waste of ever-more-scarce judicial resources."  (*In re Z.N.* (2009) 181 Cal.App.4th 282, 300.)  Finally, in view of the People's valid appeal, the superior court's unauthorized order reducing the felony wobbler to a misdemeanor would be reversed on appeal even if we denied the petition.

*Disposition*

The People's petition is granted.  Let a peremptory writ of mandate issue directing the Superior Court of Ventura County to vacate its order reducing the felony wobbler to a misdemeanor and to reinstate the felony charge.  By separate order, the related appeal is dismissed as moot.

CERTIFIED FOR PUBLICATION.


YEGAN, J.


We concur:


GILBERT, P. J.


BALTODANO, J.

David R. Worley, Judge

Superior Court County of Ventura

_____


Erik Nasarenko, District Attorney, Miriam R. Arichea, Deputy District Attorney, for Petitioner and Appellant.

No appearance for Respondent.

Claudia Bautista, Public Defender, William Quest, Snr. Deputy, for Real Party in Interest.